[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This cause is before the Court with respect to competing motions for the entry of a Case Management Order, (CMO), as well as on the various objections thereto asserted by each side to the CMO proposed by the other.
As has become customary in this case, the Court has either been benefited or burdened by the voluminous memos filed both pre-hearing as well as post-hearing herein, and of course, the Court has conducted a hearing as well as an in-court conference.
The office of a CMO is to provide guidelines and a time line with respect to the orderly preparation for trial. Such an order need not be all encompassing, need not be inflexible, but should signal all as to generally what is expected of them, should certain such time frames as might be appropriate, and should be amenable to modification if necessary.
After reviewing the proposed CMO's, and objections filed herein, and reflecting on the memos and arguments directed to property specific discovery, the Court has determined that:
(a) Plaintiff, in essence, seeks to use the CMO is lieu of filing, at the proper time, such dispositive motions as it may deem appropriate to challenge defendants' request to take property specific discovery. Accordingly, plaintiff's objection to such discovery is denied.
(b) Under provisions of Superior Court Rules of Civil Procedure 1 and 26, the proposed discovery as to the 114 properties listed by defendants may be unreasonable, cumulative or duplicative and the discovery sought with respect thereto may be obtained in a more convenient and less burdensome and less expensive manner. (The Court notes that the defendant candidly admitted that at the present time they could not quantify the number of specific homes they would seek discovery of.)
(c) Plaintiff has indicated that if the Court were to permit defendants' specific property discovery, it would of necessity similarly seek such discovery with respect to other properties. Having heard and read the positions of the parties, this Court hereby decides as follows in order to secure the just, speedy, and most inexpensive determination of this action:
(1) Contemporaneously with the filing hereof, this Court will enter its CMO in the form annexed hereto.
(2)(a) The parties, (or such of them as desire so to do), are directed to file with this Court by June 10, 2004, a proposed discovery order providing for a statistically relevant number of properties to be subject to discovery, together with a proposed methodology for determining the properties to be selected for such discovery, and the nature of the discovery (for example, a meaningful but generic description of the type of witnesses to be deposed [owner, lead inspector, etc.]) with respect to each such property.
(b) The Court will receive written comments or objections as to any such proposed discovery order by the close of business on June 16, 2004.
(c) The Court will, if necessary, take evidence and hear argument relative to the property specific discovery order on Monday, June 21, 2004, at 9:30 a.m., or as soon thereafter as the matter may be reached. No witnesses will be heard in favor of a proposed discovery order unless the name and curriculum vitae of said witness, together with a report supporting such proposed order also is filed on June 10, 2004. Any such witness must be available for, and will be subject to being deposed, in accordance with the CMO of even date on and between June 13, and June 18, 2004 by the parties.
Finally, the Court notes that nothing herein contained shall be deemed to pass upon the merits of any assertion by plaintiff or by defendants with respect to issues of proximate cause, superceding causes or any related matter.
Defendants have urged this Court to treat property specific discovery as solely a discovery and not as a substantive issue at this juncture, and so the Court shall. After appropriate discovery (which this Court believes should include property specific information), the Court will entertain an appropriate dispositive motion or motions.
 CASE MANAGEMENT ORDER
The Court has determined that the complexity of this case requires a written Case Management Order to supplement and administer the Superior Court Rules of Civil Procedure. This Case Management Order shall govern all pretrial procedures in this matter in order to "secure the just, speedy, and inexpensive determination of [this] action." Super. R. Civ. P.1.
I. Discovery
The parties shall be entitled to use any methods of discovery provided for in the Superior Court Rules of Civil Procedure. Super. R. Civ. P. 26(c) empowers the Court to make any order which justice requires to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense. . . ." The rule provides the Court with great discretion to manage the manner, method and scope of discovery. The Court believes that the exercise of that discretion is appropriate in this case and that it will serve the interests of all parties and the interests of justice. Thus, to the extent that a party seeks to use the methods of discovery provided for in Super. R. Civ. P. 26(a), such discovery may proceed as follows:
A. Interrogatories
1. Joint Set of Interrogatories. The State shall be permitted to serve a single set of interrogatories numbering no more than fifty (50) interrogatories in number on the Defendants, jointly. The Defendants, jointly, shall be permitted to serve a single set of interrogatories numbering no more than fifty (50) interrogatories in number on the State. The interrogatories shall be directed to common claims or defenses. Any single interrogatory may include a reasonable number of sub-parts not to exceed 6.
2. Individual Interrogatories. Each party shall be permitted to serve up to thirty-five (35) additional interrogatories on any other party. Any single interrogatory may include a reasonable number of sub-parts not to exceed 6.
3. Outstanding contention interrogatories submitted prior to the date hereof shall be deemed to have been served on this date.
B. Requests for Documents.
1. Individual Requests for Documents. Each party shall be permitted to serve up to thirty (30) additional document requests on another party. The documents may be produced as they are kept in the ordinary course of business or organized and labeled to correspond with the categories in the request. To the extent that the request seeks documents that are contained in a larger set of documents, the responding party shall segregate and produce the requested documents. It shall not be sufficient to simply direct the discovering party to the larger set of documents.
2. Confidentiality. To the extent that a party producing a document believes that the document is protected from public disclosure by some rule or law of confidentiality, the party shall mark the document CONFIDENTIAL and shall notify the party seeking production of the basis of the claim of confidentiality. The document shall then be deemed confidential. Any party may challenge a claim of confidentiality of a document. Such a challenge shall be made by motion to the court. The party claiming confidentiality shall have the burden of demonstrating to the court that the document is entitled to be treated as confidential. If the party claiming confidentiality sustains its burden, then the document shall be treated confidential for purposes of this case. If the party claiming confidentiality fails to sustain its burden then the word CONFIDENTIAL shall be removed from the document and it shall not be treated as confidential for purposes of this case.
C. Depositions.
Subject to the entry of the property specific discovery order contemplated by the Court's Memorandum of Decision of even date, the State and the Defendants, collectively, shall be entitled to take twenty-five (25) depositions, exclusive of expert witnesses. The use of any deposition in court proceedings shall be determined by the provisions of Super. R. Civ. P. 32. To the extent that any party seeks to take depositions beyond the allotted number, it may do so only with leave of court for good cause shown. A deposition shall be deemed completed after the deponent has been examined for six (6) hours, exclusive of breaks. To the extent that any party seeks to examine a witness for more than the allotted time, it may do so only with leave of court for good cause shown. Expert witnesses shall be designated as provided for below and, once designated, may be deposed. A deposition of an expert witness designated pursuant to this Order shall be deemed completed after the deponent has been examined for twelve (12) hours, exclusive of breaks. To the extent that any party seeks to examine an expert witness for more than the allotted time, it may do so only with leave of court for good cause shown. Expert witnesses previously deposed in this case may be deposed further in connection only with matters not previously examined on.
D. Requests for Admissions
There shall be no limit to the number of requests for admissions that may be served by any party.
E. Property Specific Discovery
By Memorandum of Decision of even date, the Court has referenced a "property specific discovery order" to be entered in the future. All property specific discovery is stayed pending the entry of that Order.
II. Motions and Status Conferences.
 A. Motions. Any party may file a motion before the Court which, if timely, shall be heard at the next status conference or sooner if there is good cause to hear the matter on an expedited basis. Any motion, other than a dispositive motion, filed at least eleven (11) days prior to a status conference may be heard at that conference, if oral argument is requested and deemed necessary. Any party opposing or responding to the motion shall file its response or opposition at least four (4) days prior to the status conference. If the matter is to be heard orally at the status conference, then there shall be no reply memoranda or sur-reply without leave of Court, which shall not be granted except under exceptional circumstances. Rather, the Court will expect counsel to direct the Court to any further points or authorities when the matter is heard at the status conference. Motions and responses thereto shall be supported by a separate memorandum of law which shall not exceed fifteen (15) pages in length, excluding signature pages and certificate of service, unless expressly authorized by the Court.
B. Status Conferences. The Court shall reserve two (2) hours on the morning of the second Friday of each month to conduct a status conference in this case and to hear oral argument, if requested and deemed necessary, on any motions pending as of the date of that status conference. Five days prior to the status conference, counsel for the State and counsel for the Defendants shall confer and compose a joint agenda for the status conference. The agenda shall be filed with the Court three (3) business days prior to the status conference. If there are no motions pending and, after conferring, counsel believes that there are no matters for discussion at the status conference, they shall so notify the Court and, unless the Court directs otherwise, there shall be no status conference that month. Except for good cause shown, the parties and their counsel shall be prepared to argue all matters on status conference agenda within the two (2) hours reserved by the Court. Nothing in this Order shall preclude any party from seeking a hearing with the Court on a more expedited basis if the circumstances warrant. However, no motion shall be heard without affording counsel a reasonable opportunity to submit its opposition or response, in writing, prior to the hearing. Such emergency motions shall be argued, if oral argument is requested and deemed necessary, as soon as practicable by the Court.
III. Trial
 A. Trial Date. The parties shall appear for trial on April 6, 2005.
B. Jury Selection. Jury selection shall occur on March 29, 2005. Counsel may conduct voire dire.
IV. Other Matters.
1. All other matters contemplated by the proposed Case Management Order filed initially or responsively by the parties, or any of them, should be the subject of ongoing negotiations among the parties and are deferred for decision by the Court on July 12, 2004.
2. Incorporated by reference into, and constituting part hereof, is the Court's Memorandum of Decision herein referred to.
3. Any proposed modification hereof, (unless consented to by all parties), shall be treated by way of motion as provided in paragraph II A and B hereof.
ENTERED as an Order of this Court on this ____ day of May, 2004.